

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann          AUSTIN 11, TEXAS
JO~~~~~~~~~~~~~~~
ATTORNEY GENERAL

Honorable R. A. Weinert, Chairman
Civil Jurisprudence Committee
Senate
Austin, Texas

Dear Senator:                    Opinion No. O-5066
                                 Re: Constitutional validity
                                     of S. B. 44, dealing with
                                     the problem of delin-
                                     quent children.

        You submit to us a copy of S. B. No. 44, dealing
with delinquent children, as favorably reported by your com-
mittee on January 26, 1943, with the request that we ad-
vise with respect to the constitutionality of the bill, es-
pecially with respect to, (a) the right of the court to ex-
clude spectators from the trial; (b) the provisions that
the records of the court shall be confidential; (c) the ap-
peal to the Court of Civil Appeals, and (d) the provision
that the judgment of the court shall not be suspended dur-
ing appeal.

        In this connection we subjoin the following re-
marks and suggestions:

        (a)  The provision contained in Section 13 that
"in the hearing of any case the general public shall be
excluded and only such persons admitted as have a direct
interest in the case, except that the judge of said court
may admit any person to the hearing at his direction,"
does not contravene Section 10 of the Bill of Rights
(Article I) of the Constitution, since that Section deals
only with "criminal prosecutions."

        The delinquency proceeding of your bill is not
in any sense a criminal prosecution -- it is a civil pro-
cedure -- and there is no constitutional mandate requir-
ing public hearings in civil cases or proceedings.

        (b)  There is no constitutional provision for-
bidding the provision contained in Section 15 that the
"court records shall not be inspected by persons other
than probation officers or other officers of the Juvenile
Court, unless otherwise directed by the court." We think
such a provision in a measure like the one under consider-

ation is entirely within the legislative prerogative.

(c) The first sentence of Section 21, beginning with the words, "an appeal" on line 4, and ending with the word "cases" in line 5, should be rewritten, we suggest as follows:

"An appeal may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate, as in other civil cases."

This change is apparently imperative. The words of Section 21, above eliminated, authorize an appeal "in the manner provided by law or by rule of court", whereas, there is no provision at present for such an appeal, the general statutory right of appeal to the Courts of Civil Appeals extending to "all civil cases within the limits of their respective districts of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy, or the judgment rendered, shall exceed $100.00 exclusive of interest and costs." (R.C.S. Art. 1819). The proceeding here under consideration would not fall within the present statutory jurisdiction of the Court of Civil Appeals.

Likewise, Article 2249 of the Revised Civil Statutes contains the same statement of the jurisdiction of the Court of Civil Appeals.

(d) The provision in Section 21, that "an appeal, in the case of a child, shall not suspend the order of the Juvenile Court," violates no constitutional provision.

Whether or not the Legislature may in any event confer the jurisdiction and powers of the Juvenile Court upon the County Court, is a debatable question. Indeed, there is uncertainty if not actual contrariety of holding upon this point between the Court of Criminal Appeals and the Supreme Court, resulting, of course, in confusion. We are not prepared to advise with judicial certainty the one way or the other upon this debatable question.

We quite well understand that for administrative purposes it might be desirable for the County Court to exercise this jurisdiction.

In this state of the matter it might be wise not to eliminate the County Court as a Juvenile Court under

the bill, but to leave it as now written, in the hope that
that court would be permitted to have and exercise the
jurisdiction. The bill contains the separability clause,
and if the Act should be stricken down as it empowers the
County Court, the Act as a whole would not fall, but the
jurisdiction and powers thereof could and would be exer-
cised by the proper District Court. Your body in its wis-
dom will, of course, choose what it thinks the preferable
course in this respect.

However, we do suggest that in any event there
should be added, following immediately after line 53, page
1, at the end of Section 4 of the bill, the following words:

"It is provided, however, that the juris-
diction, powers and duties thus conferred and
imposed upon the established courts hereunder
are super-added jurisdictions, powers and du-
ties, it being the intention of the Legislature
not to create hereby another office."

The purpose of this added language is, of course,
to avoid the possible danger of dual-office holding, in
contravention of Section 40, Article XVI, of the Constitu-
tion.

Would it not be well to include in the bill a pro-
vision something like the following:

Upon any such jury trial, the court may
submit the case upon a general charge to find
whether or not the child is a "delinquent child",
and the judgment shall follow the verdict unless
such verdict be set aside for good cause.

It shall be good cause for setting aside
any verdict that the evidence is not sufficient,
legally or factually, to support it. No verdict
shall ever be permitted to stand, nor judgment
without a verdict be permitted to stand, that is
not supported by evidence, that the parent,
guardian or other person exercising parental
control of such child, as the case may be,
neglected or failed to exercise a reasonable
parental care over such child.

This is, of course, a matter entirely beyond our
prerogative to advise, but a jury would be slow to return a

verdict of commitment, and a court would be reluctant to approve a verdict that was not supported by some evidence that the parent had been remiss in his duty toward the child.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Ocie Speer

By

Ocie Speer
Assistant

OS-MR/cg

Approved March 3, 1943

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference